22-2106 (L)
Diageo North America, Inc. v. W.J. Deutsch & Sons Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-four.

PRESENT:
> AMALYA L. KEARSE,
> BARRINGTON D. PARKER,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

DIAGEO NORTH AMERICA, INC.,

> *Plaintiff-Counterclaim-Defendant-Appellee*,

v.

Nos. 22-2106, 22-3063, 22-3120

W.J. DEUTSCH & SONS LTD., d/b/a DEUTSCH FAMILY WINE & SPIRITS, and BARDSTOWN BARREL SELECTIONS LLC,

> *Defendants-Counterclaimants-Appellants.*[*]

---

[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PLAINTIFF-COUNTERCLAIM-
DEFENDANT-APPELLEE:

GIANNI P. SERVODIDIO (Susan J. Kohlmann, Jacob D. Alderdice, Allison N. Douglis, Jacquellena T. Carrero, *on the brief*), Jenner & Block LLP, New York, NY.

FOR DEFENDANTS-COUNTERCLAIMANTS-
APPELLANTS:

NEIL LLOYD (Michael S. Cryan, Zachary D. Smith, Eric Roman, *on the briefs*), ArentFox Schiff LLP, New York, NY, Washington, DC, Chicago, IL.

Appeal from a judgment and two orders of the United States District Court for the Southern District of New York (Stanton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment (No. 22-2106, ECF No. 2) is **AFFIRMED** and the appeals concerning the two orders (No. 22-3063, ECF No. 3; No. 22-3120, ECF No. 3) are **DISMISSED**.

## BACKGROUND

This case involves a trademark dispute between companies that sell whiskey. Plaintiff-Counterclaim-Defendant-Appellee Diageo North America, Inc. ("Diageo") has used the Bulleit Packaging Design Trademark and Trade Dress (the "Bulleit Packaging Design") for its Bulleit American whiskey products since 1999. In 2015, Defendants-Counterclaimants-Appellants W.J. Deutsch & Sons Ltd. d/b/a Deutsch Family Wine & Spirits and Bardstown Barrel Selections LLC (collectively "Deutsch") acquired the Redemption whiskey brand. Deutsch launched its Redemption packaging design in November 2016 (the "Redemption Packaging Design"). In 2017, Diageo filed suit against Deutsch on the basis that the Redemption Packaging Design

2

allegedly infringed upon, and diluted, the Bulleit Packaging Design pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., and the New York General Business Law.

After trial, the jury returned a verdict in favor of Deutsch on Diageo's infringement claims, and in favor of Diageo on its federal and state dilution claims. Diageo successfully moved for a permanent injunction based on the dilution verdict.

During and after the trial proceedings, the district court denied a number of Deutsch's motions, including in pertinent part: (1) motions pursuant to Federal Rule of Civil Procedure 50 for judgment as a matter of law; (2) a motion pursuant to Federal Rule of Civil Procedure 59 for a new trial; (3) a motion for clarification of the permanent injunction seeking a ruling that one of Deutsch's packaging designs was consistent with the permanent injunction (the "Clarification Motion"); and (4) a motion for a pre-release compliance determination based on another proposed redesign of the Redemption Packaging Design (the "Compliance Motion"). Deutsch now challenges the denials of those motions. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

## DISCUSSION

### I. Deutsch's Rule 50 Motion Was Properly Denied

We conclude that Deutsch was not entitled to judgment as a matter of law under Rule 50. Sufficient evidence supported the jury's verdict finding that the Bulleit Packaging Design was both famous for purposes of a federal dilution claim and substantially similar to the Redemption Packaging Design for purposes of a New York dilution claim.

"We review *de novo* the district court's decision on a motion for judgment as a matter of law, applying the same standard that is required of the district court." *Perry v. City of New York*,

3

78 F.4th 502, 517 (2d Cir. 2023) (quoting *Ojeda v. Metro. Transp. Auth.*, 41 F.4th 56, 63 (2d Cir. 2022)). "We affirm the denial of this motion unless there is 'such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it.'" *Ashley v. City of New York*, 992 F.3d 128, 138–39 (2d Cir. 2021) (brackets omitted) (quoting *S.E.C. v. Ginder*, 752 F.3d 569, 574 (2d Cir. 2014)).

A.       **Sufficient Evidence Supports the Jury's Finding of Fame**

A trademark dilution claim under federal law requires that the diluted mark be "famous." *See* 15 U.S.C. § 1125(c)(1). "[A] mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Id.* § 1125(c)(2)(A). To determine fame, the factfinder "may consider all relevant factors, including . . . [t]he duration, extent, and geographic reach of advertising and publicity of the mark," "[t]he amount, volume, and geographic extent of sales of goods or services offered under the mark," "[t]he extent of actual recognition of the mark," and "[w]hether the mark was registered." *Id.* § 1125(c)(2)(A)–(A)(iv).

Here, the jury was presented with evidence that: (1) Diageo had marketed Bulleit in the Bulleit Packaging Design since 1999; (2) between 2011 and 2016, Diageo spent $56 million on advertising and promotion for Bulleit, which featured the Bulleit Packaging Design, including almost $20 million in 2016; (3) between 2005 and November 2016, the Bulleit Packaging Design was featured in at least sixteen television show episodes and four movies; (4) beginning in 2012, the Bulleit Packaging Design was featured in the magazines *GQ* and *Esquire*, among others;

(5) from 2014 to November 2016, Diageo made over $100 million in sales of Bulleit each year, and surpassed $220 million in sales of Bulleit in the fiscal year that the Redemption Packaging Design was released; (6) some market research showed that Bulleit was mentioned in the same category as Jack Daniels and Jim Beam, and one of Diageo's witnesses stated that Jack Daniels was "the most famous"; and (7) the Bulleit Packaging Design was registered with the Patent and Trademark Office in 2006. Although not an exhaustive list of the evidence presented to the jury, the above evidence alone refutes any suggestion that there was a complete absence of evidence supporting the verdict such that the jury's findings could only have been the result of conjecture. As such, we reject Deutsch's challenge to the jury's verdict regarding the federal dilution claim.

**B.      Sufficient Evidence Supports the Jury's Finding of Substantial Similarity**

Under New York law, the Bulleit Packaging Design and the Redemption Packaging Design "must be 'very' or 'substantially' similar to support a finding of trademark dilution." *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 335 (2d Cir. 2020) (some internal quotation marks omitted).

Here, the jury was presented with evidence of the Bulleit Packaging Design and the Redemption Packaging Design side by side on store shelves. The jury was presented with evidence that Deutsch revised its "design brief" with directions to propose a new bottle shape similar to the Bulleit Packaging Design. Diageo also presented evidence to the jury of market research videos where participants stated that the Redemption Packaging Design "looked like the Bulleit bottle" or that it was "just trying to be the Bulleit Rye bottle." Joint App'x at 6452, 6453. Another participant said, "I'm going to grab that on the shelf thinking I grabbed Bulleit, and then be annoyed that I didn't." Joint App'x at 6453. The jury heard evidence of Deutsch instructing

5

a glass design company to make the Redemption bottle height and shoulder height close to Bulleit's bottle. Moreover, a third-party witness described the Bulleit Packaging Design and Redemption Packaging Design as "pretty identical." Joint App'x at 7104–05. Because there is not a complete absence of evidence supporting the jury's verdict finding of substantial similarity, Deutsch's challenge fails.

## II.    Deutsch's Rule 59 Motion Was Properly Denied

Again, for purposes of a dilution claim under the Lanham Act, as amended in 2006, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Deutsch contends that the district court erred in denying its motion for a new trial because it had abused its discretion in "failing to give Deutsch's proposed instruction" as to an element of fame. Opening Br. at 37. "Specifically, Deutsch [had] requested an instruction that '[a] mark with fame in a limited niche or market segment cannot qualify for dilution protection.'" *Id.* at 58; *see also* Joint App'x at 228. We reject Deutsch's claim of error.

As an initial matter, the parties dispute whether Deutsch properly objected to the jury instruction. We need not address that issue, though, because Deutsch's challenge fails under plain error or de novo review. *See Ashley*, 992 F.3d at 142 (stating that a preserved objection to a jury instruction is reviewed de novo while an unpreserved objection is reviewed for plain error). The language of the district court's fame instruction stated that "[a] trade dress is famous if it is widely recognized by the general consuming public of the United States as a designation that the source of the product is the owner of the trade dress." Joint App'x at 7240.21. This largely tracks the language of the statute. *See* 15 U.S.C. § 1125(c)(2)(A). "Where a district court's jury

6

instructions accurately track the language and meaning of the relevant statute, we generally will not find error." *United States v. Alfisi*, 308 F.3d 144, 150 (2d Cir. 2002). Undeterred, Deutsch speculates that the jury could have been confused by the instruction because it might have interpreted "general consuming public" to mean "general whiskey consuming public" or "general alcohol consuming public." Such speculation, without more, does not demonstrate error. Deutsch, therefore, does not establish that it was entitled to a new trial.

III. <u>**We Lack Appellate Jurisdiction Over the Remaining Two Orders**</u>

Finally, we conclude that the district court's orders denying the Clarification Motion and Compliance Motion are not subject to appellate review because they are neither final decisions nor modifications of the permanent injunction.

Neither party addresses our jurisdiction to review the two orders, but "federal courts have an 'independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*.'" *In re Tronox Inc.*, 855 F.3d 84, 95 (2d Cir. 2017) (quoting *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006)). We "have jurisdiction from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "Though we look to general finality principles to determine postjudgment finality, these principles apply differently in the postjudgment context." *Amara v. Cigna Corp.*, 53 F.4th 241, 250 (2d Cir. 2022). "Postjudgment sanctions and contempt orders are particularly instructive examples." *Id.* at 251. In *Amara*, this Court noted that a postjudgment finding of contempt is not immediately appealable if it is not accompanied by sanctions, but that if accompanied by sanctions it is sufficiently final to be appealable. *Id.* at 251–52. If a postjudgment finding of contempt (without sanctions) is not sufficiently final to be appealable, denials of clarifications or of a "*pre-release compliance determination* by the district

court," Opening Br. at 6 n.4 (emphasis added), are a fortiori nonfinal.

Of course, however, § "1292(a)(1) allows interlocutory appeals from orders 'granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions.'" *In re Tronox*, 855 F.3d at 97 (quoting 28 U.S.C. § 1292(a)(1)). But, "[t]hese categories are narrowly drawn, and orders merely clarifying or interpreting injunctions do not create appellate jurisdiction." *JLM Couture, Inc. v. Gutman*, 91 F.4th 91, 100 (2d Cir. 2024). A district court's clarification or interpretation of an injunction may amount to a modification if the clarification or interpretation is not "reasonable." *Id.* at 101. In exercising our authority to determine whether we have jurisdiction, *see Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 377 (1940) (a "court has the authority to pass upon its own jurisdiction"), we conclude that the district court's orders were reasonable clarifications or interpretations of the injunction, not "modification[s] warranting immediate review," *JLM Couture, Inc.*, 91 F.4th at 100.

Deutsch merely disagrees with the district court's findings that the proposed packaging redesigns did not comply with the injunction and, in doing so, invites us to compare the proposed packaging redesigns and find differently. We decline its invitation. Nothing in the record suggests that the district court's clarifications or interpretation were unreasonable. *See Chevron Corp. v. Donziger*, 990 F.3d 191, 210 (2d Cir. 2021) ("[W]hen the district judge who is being asked to interpret an injunction is the same judge who entered it, courts give heavy weight to that interpretation on review." (internal quotation marks and citation omitted)). Ultimately, Deutsch fails to establish that the district court committed "an obvious or blatant misinterpretation [that] rises to the level of a modification permitting interlocutory review." *JLM Couture, Inc.*, 91 F.4th at 100 (internal quotation marks omitted) (quoting *In re Tronox*, 855 F.3d at 99).

8

The orders denying the Clarification Motion and the Compliance Motion are not reviewable under the circumstances presented here and, therefore, Deutsch's appeals regarding those orders must be dismissed for lack of appellate jurisdiction.

\*     \*     \*

We have considered Deutsch's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in No. 22-2106 and **DISMISS** the appeals docketed under Nos. 22-3063 and 22-3120.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court